## STATE ex ELBERT et v BELL et

Ohio Appeals, 1st Dist, Hamilton Co

Decided Sept 28, 1931

Harry H. Shafer and Gordon D. Wilson, Cincinnatti, for plaintiffs.

Leo Weinberger, Stanley A. Silversteen, and Francis T. Bartlett, Cincinnati, for defendants.

HAMILTON, J.

The determining question here is whether or not the municipal court of Cincinnati has jurisdiction of the subject-matter of the suit in that court.

If the question involved is one of the jurisdiction of the person, the demurrer will have to be sustained and the petition dismissed, as this proposition would have to be determined in an eror proceeding.

The demurrants claim the municipal court of Cincinnati has jurisdicton under and by virtue of §1558-6a GC, establishing the municipal court of Cincinnati. The pertinent part of the section is paragraph (f) which is as follows: "In all actions, criminal, quasi-criminal, civil and preliminary hearings, in which justices of the peace have or may be given jurisdiction coextensive with the county in which they are elected and preside."

It is argued that, since justices of the peace have jurisdiction in forcible entry and detainer cases throughout the county, by virtue of paragraph (f), above quoted, the municipal court is given jurisdiction in like cases throughout the county.

188

The plaintiffs argue that §1558-41 limits the jurisdiction of the justices of the peace to that part of the county outside of the city of Cincinnati, and therefore their jurisdiction is not coextensive with the county in such cases.

The pertinent part of §1558-41 is: "No justice of the peace in any township in Hamilton county, other than in Cincinnati township, nor mayor of any vilage or city in any proceeding, whether civil or criminal, in which any warrant, order of arrest, summons, order of attachment or garnishment, or other process except subpoena for witnesses, shall have been served upon a citizen or resident of Cincinnati or a corporation having its principal office in Cincinnati shall have jurisdiction, unless such service be actually made by personal service within the township. * * *"

It will be noted that in the district in Hamilton county outsde of Cincinnati this section limits the jurisdiction of the justices of the peace to cases where personal service is had within the township of the justice who seeks to exercise jurisdiction. If personal service is had on a resident of Cincinnati in the township of the justice, attempting to exercise jurisdiction, the justice would have jurisdiction to hear and determine the action. The converse of this is that under §1558-6a, paragraph (f), if personal service is had within the city of Cincinnati on persons residing outside the city limits, then and in that event the municipal court of Cincinnati would have jurisdiction to hear and determine the question involved

Moreover, §1558-6a, paragraph (d), provides: "(d) In actions and proceedings where one or more defendants reside or are served with summons in the city of Cincinnati."

Under this paragraph the municipal court of Cincinnati has jurisdiction coextensive with the county of Hamilton in actions where one or more of the defendants are served with sumons in the city of Cincinnati.

Enough has been said to show that the question is one of jurisdiction of the person and not of the subject-matter.

Our conclusion is that, where personal service is had within the city of Cincinnati the municipal court of Cincinnati has jurisdiction over the subject-matter in a forcible entry and detainer case, notwithstanding the parties and the property may be located outside of the city limits, but in the county of Hamilton.

The demurrer to the petition is sustained,

the writ is refused, and the petition dismissed.

Decree accordingly.

ROSS, P. J., and CUSHING, J., concur.